# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR DAVENPORT, | : | |
| Petitioner | : | Criminal No. 1:09-cr-78 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the Court is Petitioner Omar Davenport's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 490.) The motion has been fully briefed and is ripe for disposition. After reviewing the submitted materials, together with the record of the underlying criminal case, the Court finds that Petitioner is not entitled to relief. Accordingly the Court will decide the matter without an evidentiary hearing.

## I. BACKGROUND

On March 4, 2009, the United States entered a three-count indictment against Petitioner, charging him and other co-defendants with drug trafficking, conspiracy, and interstate travel in aid of drug trafficking. (Doc. No. 1.) On March 9, 2009, Petitioner was arrested in New York City by federal and local authorities, for the federal warrant from his indictment in this case, and for a state parole violation. Petitioner was on parole with the Pennsylvania State Board of Probation and Parole at the time of the events in this case. On October 14, 2009, Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. (Doc. No. 236.)

The Court sentenced Petitioner to a 200 months term of imprisonment, four years of supervised release, a $1,500 fine, and a $100 special assessment. (Doc. No. 416.) This sentence

1

was within the sentencing guideline range of 188 to 235 months. Petitioner did not file a direct appeal. (See Doc. No. 490 at 4.) On March 28, 2011, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging that he was denied his constitutional rights due to ineffective assistance of counsel. (Doc. No. 490.) The Court issued a notice of election on April 4, 2011, to which Petitioner did not respond. (Doc. No. 491.) On June 29, 2011, the Government filed a response to Petitioner's § 2255 motion. (Doc. No. 502.) Petitioner filed a reply to the Government's response on July 22, 2011, asking the Court to schedule an evidentiary hearing. (Doc. No. 505.)

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the prisoner's sentence. However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178 (1979)). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (citation omitted). Furthermore, § 2255 generally limits federal prisoners' ability to attack the validity of their sentences to four grounds. Hill v. United States, 368 U.S. 424, 426-27 (1962). A prisoner may claim relief by alleging that: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Id. (citing 28 U.S.C. § 2255).

In order to survive, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v.

2

Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. In this way, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." Id. Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." Id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694.) "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694).

## III. DISCUSSION

In his motion to vacate, Petitioner argues that his constitutional rights were violated because his trial counsel, Erin Zimmerer, was ineffective. (Doc. No. 490 at 13-14.) Specifically Petitioner alleges that his counsel was ineffective for failing to argue, pursuant to United States Sentencing Guideline § 5G1.3(a),[1] that his state parole revocation sentence should be served

---

[1] United States Sentencing Guideline § 5G1.3 provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of

3

first, before his federal sentence. (Id. at 14.) Petitioner avers that he informed counsel that a "nine month parole hit would be issued due to the [federal] offense." (Id.)

In response, the Government argues that Petitioner's reliance on United States Sentencing Guideline § 5G1.3(a) is misplaced, as that subsection discusses the situation where a defendant commits an offense before commencing service of an already imposed term of imprisonment, whereas here, the State Board of Probation and Parole had not yet imposed a sentence on Petitioner. (Doc. No. 502 at 6.) The Government further argues that Petitioner cannot meet the second prong of the Strickland test because it is unlikely that the Court would

---

imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3

have imposed a concurrent sentence in this case, given the presumption against concurrent sentences. (Id. at 8.)

On July 22, 2011, Petitioner filed a reply to the Government's response, asking the Court to schedule an evidentiary hearing. (Doc. No. 505.) Petitioner argues that the issue is not whether the State Board of Probation and Parole had imposed its sentence, but rather whether Petitioner's counsel's performance fell below an objective reasonableness standard. (Id.)

Under the first Strickland prong, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Jermyn, 266 F.3d at 282 (citing Strickland, 466 U.S. at 688). The Court finds that trial counsel's failure to raise the § 5G1.3, "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," issue at sentencing does not fall below an objective standard of reasonableness. Because Petitioner had not been sentenced for his state parole revocation at the time of the federal sentencing, § 5G1.3 does not apply. See Sloan v. United States, No. 05-302, 2006 WL 1453122, at *4 (W.D. Pa. May 25, 2006) ("Here, subsections 5G1.3(a), (b) and (c) do not apply because petitioner had yet to be convicted or sentenced for these state charges, and therefore was not yet serving a "term of imprisonment" for these charges, at the time of federal sentencing."); Denson v. United States, No. 06-75, 2011 WL 1585327, at *5 (W.D. Pa. April 26, 2011). Accordingly, Petitioner cannot satisfy the first prong of the Strickland test.

Moreover, the Court finds that Petitioner fails to satisfy the prejudice prong of the Srickland test. Here, the outcome would not likely have been any different had Petitioner's counsel raised a § 5G1.3 argument. As the Government points out, the Third Circuit in United

5

States v. Randolph recognized that there is a split among the courts of appeals as to whether a federal district court may order a sentence to run consecutively or concurrently to an unimposed state court sentence, but did not resolve the issue. 80 F. App'x 190, 195 (3d Cir. 2003); see also Sloan, 2006 WL 1453122, at *4; Denson, 2011 WL 1585327, at *5. This uncertainty in the law makes Petitioner's claimed prejudice entirely speculative, especially given the policy considerations favoring consecutive sentences for parole violations. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Thus, the Court finds that Petitioner has failed to demonstrate a "reasonable probability" that if trial counsel raised a § 5G1.3 argument "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

## IV. EVIDENTIARY HEARING

The Court will not hold an evidentiary hearing on this matter. Petitioner asks the Court to hold an evidentiary hearing to determine if his counsel fell below an objective reasonableness standard, and to determine whether Petitioner had been sentenced by the Pennsylvania Board of Probation and Parole. (Doc. No. 505.) In his reply, Petitioner attached what he alleges is a copy of his Commonwealth of Pennsylvania Board of Probation and Parole Notice of Board Decision. (Id.) This attachment is addressed to Quinton Walker in the Adams County Prison – Petitioner appears to have crossed out a date on the notice, and handwritten "To: Omar Ali Davenport." (See id. at 4.)

The decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court. Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

Despite the attachment of this "Notice of Board Decision," addressed to Quinton Walker, the Court finds that Petitioner is not entitled to an evidentiary hearing, because "the motion and files and records of the case show conclusively that movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). In considering a motion to vacate, the Court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Id. (quoting Forte, 865 F.2d at 62). However, in this case, the allegation that the "Notice of Board Decision" proves that a sentence was imposed by the Pennsylvania Board of Probation and Parole at the time of sentencing is "clearly frivolous." Not only is the notice is addressed to Quinton Walker, and not Omar Davenport, Petitioner avers in his affidavit that "counsel was informed that a (9) nine month

7

parole hit would be issued due to the [federal] offense," and that "counsel was informed that the state would impose a greater sentence if found guilty for the [federal] offense." (Doc. No. 489 ¶¶ 5-6) (emphasis added). Based on the existing record, Petitioner's factual allegations that his parole revocation sentence was imposed at the time that the Court sentenced him is clearly frivolous. Thus the Court finds that Petitioner is not entitled to an evidentiary hearing.

V.   **CERTIFICATE OF APPEALABILITY**

In proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. A COA will not issue in this case.

VI.   **CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate will be denied. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR DAVENPORT, | : | |
| Petitioner | : | Criminal No. 1:09-cr-78 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, this 25th day of October 2011, upon consideration of Petitioner's motion to vacate (Doc. No. 490), and for the reasons more fully set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion to vacate is **DENIED**. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
